IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RICHARD L. JOHNSON,**

    **Plaintiff,**

**vs.**                               **5:08CV262-RH/AK**

**BRAIN DEMARAIS, et al,**

    **Defendants .**

_____/

## O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted.  Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety.  He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he received two disciplinary reports on the same date and was found guilty.  He disagrees with the second DR, possession of a weapon, because he states that he was already in lock up on the first DR when they issued the second one and therefore, he could not have been in possession of a weapon.

In Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997) the Supreme Court bars suits for damages related to prison administrative procedures if the suit challenges the result of the disciplinary proceeding and the proceeding has not been overturned or dismissed.  The Eleventh Circuit had interpreted Balisok to allow

claims challenging a disciplinary proceeding if they are "purely procedural, as in Wolff...." Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).  See also Jenkins v. Haubert, 179 F.3d 19, 27 (2nd Cir. 1999) (damages sought relative to a disciplinary sanction that does not affect length of confinement may be brought by 1983 suit); Leamer v. Fauver, 288 F.3d 532 (3rd Cir. 2002) (same); DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000); Brown v. Plaut, 131 F.3d 163 (D.C. Cir. 1997).

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Plaintiff raises no procedural issues, he merely claims that the guilty finding against him is wrong.  If Plaintiff has no other claims regarding the procedures used by the Defendants he should dismiss his complaint.  If he insists on filing an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  **Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation**.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  See, e.g., Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir.

1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **January 26, 2009.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this  **6**<sup>th</sup>  day of January, 2009.

                *s/ A. KORNBLUM*
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**