THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD L. JOHNSON,

    Plaintiff,

vs.                                        CASE NO. 5:08cv262-RH/AK

BRIAN DEMARIAIS, et al.,

    Defendants.

_____/

## O R D E R

Plaintiff has moved for entry of default judgment based on Defendant Knight's "failure to obey or comply with this Court's Order rendered on July 22, 2009," which prohibited the filing of a motion for summary judgment prior to entry of a scheduling order. (Docs. 22 and 43). Defendant has filed a motion to dismiss, which has attached evidentiary materials. However, the Court has not formally construed it as a motion for summary judgment or entered a scheduling order because one defendant remains to be served. Nevertheless, Plaintiff is correct that the parties should engage in discovery, but Defendant is not "in default" nor has he failed to comply with discovery orders since none have been entered. Thus, Plaintiff's Motion (doc. 43) is **DENIED**.

However, since the issue has been raised the Court will herein set forth the following. After Defendant Demarais enters an appearance he may join in discovery or the pending motions as he deems appropriate.

In reviewing this case, the Court anticipates considering the matters which have been attached by Defendants to the motion to dismiss. Thus, under Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss will be converted into a Rule 56 motion for summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985). This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default; *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with Brown and Griffith.

Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof. In this situation, Defendant need not negate Plaintiff's claim. Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial. Reliance on the pleadings is inadequate. 477 U.S. at 324. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth

such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

The Court will take the newly converted motion for summary judgment under advisement on **February 15, 2010.** Although Plaintiff has already filed a response, he is herein advised that he may file another response with evidentiary materials if he so desires, but must file such response **on or February 15, 2010.**

If Plaintiff wishes to obtain discovery relevant to the issues raised in Defendant's motion he may file a motion and attach the proposed discovery for court review, prior to service.

Accordingly, it is **ORDERED:**

1. The parties are advised that the motion to dismiss (doc. 29) will be converted to a motion for summary judgment and considered under the applicable standards for such motions as outlined in this Order.

2. That the motion will be taken under advisement on **February 15, 2010,** and a report and recommendation will be entered after that date. Plaintiff must submit any additional material in opposition to summary judgment before that date.

3. That Plaintiff shall file a motion for discovery on or before **January 11, 2010**, if he wishes to obtain discovery relevant to the issues raised in Defendant's motion. He must attach all proposed discovery to his motion.

**DONE AND ORDERED** this   *10th*   day of December, 2009.


　　　　　　　　　　　　　　　　*s/ A. KORNBLUM*
　　　　　　　　　　　　　　　　**ALLAN KORNBLUM**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**